**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Furst-McNess Company, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 20 CV 50358 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Kansas-Smith Farms, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

For the reasons stated below, it is this Court's report and recommendation that Plaintiff's motion for default judgment [14] be granted and that judgment be entered in favor of Plaintiff and against Defendant Kansas-Smith Farms, LLC in the amount of $619,859.28. Any objection to this report and recommendation must be filed by December 21, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to mail a copy of this order to Defendant at the three addresses listed in the certificate of service. *See* Dkt. 23.

## STATEMENT

Before the Court is Plaintiff Furst-McNess Company's motion for default judgment against Defendant Kansas-Smith Farms, LLC. Dkt. 14. Plaintiff filed an amended complaint in this case on September 23, 2020, alleging Defendant breached the parties' contract by failing to pay all amounts owed for the product it received. Dkt. 7. This Court has jurisdiction over the subject matter of this case and the parties pursuant to 28 U.S.C. § 1332(a)(1). Venue is also proper in this District.

Plaintiff served Defendant with the amended complaint through its registered agent on September 30, 2020. Dkt. 10. After Defendant failed to appear or respond to the amended complaint, on October 28, 2020 the Clerk of Court entered an order of default against Defendant. Dkt. 13. Defendant, a Kansas limited liability company, is not a minor, an incompetent person, or in active military service. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's amended complaint. Defendant is hereby found liable to Plaintiff for unpaid invoices and late fees, along with reasonable attorney's fees and costs.

Plaintiff now seeks a default judgment against Defendant in the amount of $619,859.28. Plaintiff mailed a copy of the motion to Defendant by regular and certified mail on November 17, 2020. A copy of the return receipt evidencing delivery has been filed on the docket. Dkt. 23. The

1

Court held a hearing on Plaintiff's motion on December 7, 2020. Defendant failed to appear at the hearing and has not responded to Plaintiff's motion.

Plaintiff alleges Defendant is liable for $529,321.61 in unpaid invoices and $84,972.43 in late fees pursuant to the parties' agreement and the terms of Plaintiff's invoices.[1] The request is supported by an affidavit from Jamie McLain, the Director of Credit for Plaintiff, who avers that Defendant is liable for $614,294.04 under the terms of the agreement and the invoices. Dkt. 14, Ex. B. Considering the evidence presented, the Court finds Plaintiff is entitled to damages that include $614,294.04 in unpaid invoices and late fees through November 2, 2020.

Additionally, Plaintiff seeks $5,565.24 in attorneys' fees and costs, which are recoverable under the terms of the parties' agreement. Plaintiff's declaration regarding attorneys' fees demonstrates that Plaintiff has incurred $5,040 in attorneys' fees and $525.24 in costs in pursuing this case. Dkt. 14, Ex. C. The Court finds the attorneys' fees and costs are reasonable and Plaintiff is entitled to an award of fees and costs totaling $5,565.24.

Based upon the evidence presented, it is this Court's report and recommendation that Plaintiff's motion for default judgment be granted and that judgment be entered in favor of Plaintiff and against Defendant in the amount of $619,859.28, consisting of $614,294.04 in unpaid invoices and late fees and $5,565.24 in attorneys' fees and costs. Any objection to this report and recommendation must be filed by December 21, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: December 7, 2020                    By: _____
                                               Lisa A. Jensen
                                               United States Magistrate Judge

---

[1] Plaintiff also requests a per diem late payment charge of $261.03 per day from November 2, 2020 until judgment is entered. Although the parties' contract provides for a late payment charge equal to 18% per annum for unpaid invoices, the Court declines to add additional late payment charges following the date that the motion was filed because the hearing on the motion for default judgment was continued after Plaintiff failed to comply with the service provision of this Court's standing order on default judgments. *See* Dkt. 18.